YOUVILLE HOSPITAL & others[1] vs. COMMONWEALTH & others.[2]

Middlesex. May 6, 1993. - August 11, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Medicaid. Hospital*, Medicaid reimbursement.

A declaratory judgment was to be modified, consistent with this court's determination in *Jewish Memorial Hospital v. Commonwealth, ante* 132 (1993), that certain regulations of the Department of Public Health do not violate provisions of G. L. c. 32, § 6A, as amended through St. 1988, c. 270, § 1. [143-144]

A determination by the Rate Setting Commission of administratively necessary day rates for public assistance patients in certain hospitals did not give rise to any controversy entitling the hospitals to declaratory relief against the Commonwealth or its officers and agencies, where, under the State Medicaid plan, reimbursements at the administratively necessary day rate were supplemented by other payments providing the hospitals with the same rates of payment that would be applicable if administratively necessary day rates had not been established. [144-145]

Discussion of the relationship between the dispute settlement procedures inserted in G. L. c. 6A, § 32, by St. 1988, c. 270, § 1, and the requirements of Federal law concerning reimbursement of the State for Medicaid services. [145-148]

---

[1]Middlesex County Hospital, Braintree Hospital, St. John of God Hospital, New England Sinai Hospital, and Jewish Memorial Hospital, and the following physicians who are chiefs of medicine and attending physicians of Medicaid patients at the plaintiff hospitals: James S. Liljestrand, Paul A. Lemothe, Richard A. Field, James F. Cummins, Jerome L. Slate, and John A. Bolzan.

[2]Department of Public Welfare, Commissioner of Public Welfare, Rate Setting Commission, and the three members of the Rate Setting Commission.

CIVIL ACTION commenced in the Superior Court Department on August 7, 1981.

The case was heard by *Joseph S. Mitchell, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William L. Pardee,* Assistant Attorney General (*Judith Fabricant,* Assistant Attorney General, with him) for the Commonwealth & others.

*Edward D. Kalman* (*Rochelle H. Zapol* with him) for the plaintiffs.

WILKINS, J. In this action which was commenced in August, 1981, the defendants appeal from a judgment, entered on March 18, 1992, in the Superior Court upon the granting of a motion for summary judgment of the plaintiff hospitals, which are licensed to provide chronic disease and rehabilitation services. The judgment ordered the defendants to comply with various declarations that purported to set forth rights and obligations arising from the enactment of St. 1988, c. 270, § 1, which amended G. L. c. 6A, § 32, by adding four paragraphs. The judgment also stated that, in the circumstances, the various declarations govern the parties' rights and duties as to this action for periods prior to the enactment of St. 1988, c. 270. The plaintiff hospitals had exercised the option granted to them by St. 1988, c. 270, § 1, 4th par., to apply the provisions of § 1 "to settle disputes which were filed in court on or before" June 1, 1988, between a non-acute hospital and the Rate Setting Commission (commission) or the Department of Public Welfare (department) "concerning the determination of administratively necessary days and rates."[3] We transferred this case from the Appeals Court on our own motion.

We conclude that a judgment declaring the rights and obligations of the parties should be entered concerning the con-

---

[3]For convenience we shall refer to St. 1988, c. 270, rather than G. L. c. 6A, § 32, because § 32 has been amended since 1988. See St. 1989, c. 653, § 9.

sequences of the enactment of St. 1988, c. 270, but that there is no justification for entering an injunction that the defendants comply with declarations of the sort entered in this case. Two of the declarations concern an issue that in considerable measure we decided in *Jewish Memorial Hosp.* v. *Commonwealth, ante* 132 (1993), contrary to the position of the hospitals and contrary to the substance of the declarations set forth in the judgment in this case. *Id.*[4] A declaration of the rights of the parties, consistent with what we decided in the *Jewish Memorial Hosp.* case, shall be entered, directed to those specific regulations, considered in the *Jewish Memorial Hosp.* case, that the plaintiffs claim violate the command of St. 1988, c. 270, § 1, concerning determinations of the medical necessity of patient care and the review of such determinations. As to any continuing challenges to regulations not considered in the *Jewish Memorial Hosp.* case, they may be considered on remand.

Declarations in the judgment also set forth the obligations of some or all the defendants on the assumption that, as to the plaintiff hospitals, the commission had established rates for administratively necessary days for public assistance patients. See *Jewish Memorial Hosp.* v. *Commonwealth, supra* at 135-136, for a definition of such days. The commission has done so literally, but it has not done so in any practical sense that the plaintiffs may complain about. The commission's administratively necessary day rates for the plaintiff hospitals

[4]These declarations read as follows:

"3. Any determination of the medical necessity of non-acute hospital care for public assistance patients shall comply in all respects with the provisions of St. 1988, c. 270, § 1, including but not limited to, the requirements that all such determinations shall be made only by physician members of each plaintiff hospital's utilization review committee and shall not be subject to any substantive standards other than generally accepted medical practice.

"4. As the regulations promulgated by the DPW and codified at 106 CMR 435.000 on or about December 18, 1981, and as amended from time to time, attempt to establish criteria by which the level of medical care is to be determined, these regulations violate the aforementioned provision of c. 270 which provides that these determinations shall not be subject to any substantive standards other than generally accepted medical practice."

have no practical meaning because, pursuant to the State Medicaid plan, they are supplemented by other payments that provide the hospitals with rates of payment that are the same as those that would be applicable if the commission had not established administratively necessary day rates.[5] For this reason, mandates in St. 1988, c. 270, § 1, concerning such rates, their operation and application, and exemptions from them, do not apply to the plaintiff hospitals.[6] The paragraphs of the judgment setting forth the obligation of one or more of the defendants concerning administratively necessary days concern no actual controversy between any plaintiff and any defendant, and declaratory relief on that subject as to this period is not appropriate.

There remains for our consideration only the effect of that paragraph of the judgment which states that, because the plaintiff hospitals have elected, pursuant to St. 1988, c. 270, "to apply the provisions of section 1 of that act to settle this action, the foregoing declarations also govern the rights and duties of the parties with respect to the periods before enactment of chapter 270 which are in issue in this action." We have just indicated that "the foregoing declarations" are either legally wrong or inappropriately entered. Thus the declaration of law just quoted has no independent significance.[7]

---

[5]The uncontroverted affidavit of the department's director of chronic and specialty hospitals states, concerning AND (administratively necessary day) designations: "Because of this reimbursement mechanism, chronic hospitals do not incur any reduction in reimbursement when a patient is designated as an AND patient. These hospitals receive the same payment they would if there were no AND designation."

[6]If there is an actual controversy as to the period before the supplemental payments were commenced (and after the effective date of St. 1988, c. 270), the plaintiffs do not make the argument.

[7]No doubt that declaration should have stated that the provisions of St. 1988, c. 270, § 1, "shall . . . be applied to settle" (*id.* at 4th par.) this action, and that, in the motion judge's view, this required that the provisions of § 1 be applied to periods before the effective date of St. 1988, c. 270.

As to those regulations challenged here but not dealt with in the *Jewish Memorial Hosp.* case, the question whether those regulations have any significance in the asserted retroactive application of St. 1988, c. 270, § 1, can best be considered on remand.

The judgment must be vacated and the case remanded for further consideration. Because the parties disagree about the effect of the settlement language of St. 1988, c. 270, § 1, and because that issue is important to the case, we shall consider aspects of the settlement provision.

Whatever St. 1988, c. 270, § 1, may require with respect to the disposition of this action, once a hospital has elected the option to have § 1 applied to settle the dispute in this case, the resulting settlement may be implemented and the right to Federal reimbursement for State expenditures may be established only when the payment method has been seasonably included in the State plan and approved. See 42 U.S.C. § 1396b (1988); 42 C.F.R. § 447.253 (i) (1992); *Quincy City Hosp.* v. *Rate Setting Comm'n,* 406 Mass. 431, 433 (1990); *New England Memorial Hosp.* v. *Rate Setting Comm'n,* 394 Mass. 296, 298 (1985). Moreover, the commission in implementing Medicaid regulations, and particularly in establishing or changing rates of reimbursement, must follow the requirements and objectives of the State plan and of Federal Medicaid statutes and regulations. See St. 1989, c. 653, § 9, amending G. L. c. 6A, § 32. The commission and the department must follow the requirements of Federal law for the availability of Federal financial reimbursement over a State statutory direction that is inconsistent with such Federal requirements, unless the State legislation explicitly directs otherwise. See *Haley* v. *Commissioner of Pub. Welfare,* 394 Mass. 466, 472 (1985). Thus, if the settlement prescribed by St. 1988, c. 270, § 1, in this case provides for the payment of funds as to which Federal reimbursement will not be permitted, the settlement may not be implemented as to any such proposed payment.

It is not apparent that the motion judge considered the relationship between the settlement provisions of § 1, as he viewed them, and the requirements of Federal law concerning reimbursement of the State for payments for Medicaid services. When there is a substantial question whether the Commonwealth would be proceeding properly according to

Federal Medicaid requirements for reimbursement, a judge normally should not order the Commonwealth to implement a program or practice that should be, but is not, part of the State's federally approved State Medicaid plan. Rather, if the judge rules that the program or practice does comply with Federal reimbursement requirements, the judge should consider the advisability of directing the Commonwealth to propose amendments to the State plan. In this way, if the Health Care Finance Agency approves the amendment to the plan, Federal reimbursement will be protected.[8]

It appears that the type of amendments to a State plan which St. 1988, c. 270, § 1, would require cannot be effective earlier than the first day of the quarter in which the change is embodied in a plan amendment. 42 C.F.R. §§ 430.20 (b), 447.256 (c) (1992). In this case, the judge ordered retroactive implementation of the rate standards of St. 1988, c. 270, § 1, beyond the date in 1990 (July 1), as of which those rate standards were effectively made part of the State plan. If some or all of the provisions of § 1 must be included in the State plan to assure Federal reimbursement with respect to settlement payments to the plaintiff hospitals, implementation of such provisions as part of any settlement of this case would not be appropriate absent a retroactive amendment of the State plan.[9]

We decline to decide whether and to what extent the settlement option is retroactive. The provision in § 1 is ambiguous. We cannot tell from the record what difficulties, apart from obtaining Federal reimbursement, would exist if one were to attempt to apply the settlement provision of § 1 back to the initiation of this action. An answer to this question

---

[8]There is no merit to the plaintiffs' claim that, when there is a court order directing retroactive payments, Federal Medicaid funding is not placed in jeopardy. See *Massachusetts* v. *United States*, 15 Cl. Ct. 73, 79-81 (1988); 45 C.F.R. § 205.10 (b) (3) (1992). The plaintiffs simply misread 42 U.S.C. § 1320b-2 (a) (1988).

[9]The record does not disclose the extent to which Federal reimbursement will present difficulties. On remand, the effect of the preliminary injunction in this case on Federal reimbursement prior to July 1, 1990, can be disclosed.

might be some guide in construing the Legislature's intention in enacting the settlement provision. To the extent that Federal reimbursement is barred with respect to any possible application of the hospitals' elections of the settlement option to the period prior to the effective date of St. 1988, c. 270, it will not be necessary to decide the State law question whether the settlement option applies to periods prior to that effective date.[10]

We do agree with the plaintiff hospitals that, when on July 24, 1990, each exercised its option under § 1, whatever the scope of that option, it was an option to elect a definite, prescribed solution and not, as the defendants argue, an option to negotiate a settlement that could include some or all of the provisions of § 1.

The preliminary injunction entered in this case shall continue in effect, subject to such modification in the Superior Court as a judge deems appropriate. The judgment is vacated and the case is remanded for further consideration in light of this opinion.

*So ordered.*

---

[10]If Federal reimbursement is not barred as to the period between the effective date of St. 1988, c. 270, and July 1, 1990, the defendants make no claim here that the option to use St. 1988, c. 270, to settle this case does not apply to that period.